**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000022
27-SEP-2013
08:07 AM**

NO. CAAP-11-0000022

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


MICHELE A. QUITEVIS, Plaintiff-Appellant, v.
LARRY L.J. QUITEVIS, Defendant-Appellee, v.
STATE OF HAWAI'I, CHILD SUPPORT
ENFORCEMENT AGENCY, Intervenor


APPEAL FROM THE FAMILY COURT OF THE THIRD CIRCUIT
(FC-D NO. 93-215)


MEMORANDUM OPINION
(By:  Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Plaintiff-Appellant Michele A. Quitevis (**Mother**) appeals from the Family Court of the Third Circuit's (**Family Court's**) December 17, 2010 Final Judgment[1] and challenges three Family Court orders,[2] which resolved Mother's and Defendant-Appellee Larry L.J. Quitevis's (**Father**) motions for post-decree relief from a divorce decree that had terminated Mother and Father's marriage.

I.   BACKGROUND FACTS

On July 27, 1993, Mother filed a Complaint for Divorce. Mother and Father had two children, Robert M.L.M.C.J. Quitevis (**Robert**) and Malia J.K.K. Quitevis (**Malia**), both of whom are now

---

[1]   The Honorable Anthony K. Bartholomew presided.

[2]   The Family Court's post-decree orders include: (1) a June 2, 2010 Order After Hearing; (2) an August 11, 2010 Order After Hearing; and (3) an October 29, 2010 Order After Hearing.

adults. On October 29, 1993, the Family Court entered a decree of divorce (**Divorce Decree**), which awarded custody of the parties' then-minor children to Mother, with the right of reasonable visitation to Father, and disposed of the parties' property and debts. The Divorce Decree further provided, in relevant part:

> 4. In consideration of labor and expenses incurred Michele A. Quitevis agrees to give the sum of $30,000.00 to Larry L.J. Quitevis. Larry L.J. Quitevis agrees to deposit $15,000.00 of this money in a Trust account for Malia and Robert Quitevis. Trustee for this account to be an agreed upon third party. This money will be paid to Larry L.J. Quiteves [sic] 10 years after the death of Lucille Braun. [3/]

On February 8, 2010, Father filed a Motion and Affidavit for Post-Decree Relief, requesting that the Family Court, *inter alia*, compel Mother to "immediately remit to [Father] the sum of $30,000.00 pursuant to Divorce Decree." Attached to Father's motion as "Exhibit B" was a certified "Verification of Death", evidencing the death of Lucille Braun, and noting a date of death of February 3, 1996.

On March 31, 2010, Mother filed "Motion to Dismiss [Father's] Motion and Affidavit for Post-Decree Relief," (**Motion to Dismiss**), and a "Cross-Motion for Judgment for Unpaid Child Support and for Sanctions" (**Cross-Motion**). Mother moved to dismiss Father's motion on the ground that "it is barred by the Hawaii statute of limitations of actions on domestic judgments and decrees, HRS § 657-5."

On April 27, 2010, the Family Court held a hearing on Father's motion for post-decree relief and Mother's Motion to Dismiss and Cross-Motion, after which the Family Court issued its June 2, 2010 Order After Hearing denying Mother's Motion to Dismiss and continuing the hearing on Father's motion for post-decree relief and Mother's Cross-Motion. After further briefing

---

3/      Lucille Braun was Michele A. Quitevis' mother.

by the parties, the Family Court held a second hearing on June 29, 2010 at which a representative from CSEA was present to clarify that Father owed $7,601.78 in child support arrears to the State, and owed $6,094.89 in unpaid child support to Mother. Father acknowledged that the child support obligation owed to Mother could be offset against the amount Mother owed to him. Father also indicated that he would be willing to stipulate to $15,000 of the money Mother owed to him to be distributed directly from Mother to Robert and Malia. The Family Court noted that there was no dispute about the fact that, pursuant to the terms of the Divorce Decree, Father was to receive $15,000 for his benefit, and an additional $15,000 to be placed in trust for Robert and Malia. Because Robert and Malia had reached the age of majority, the Family Court found that their interests would be "equally protected by simply . . . issuing judgments . . . on their behalf," and "what they choose to do with those judgments . . . is, uh, for them to determine." The Family Court then orally granted Father's motion for post-decree relief, granting relief in Father's favor for "$15,000 less the offset that is . . . owed to [Mother] for child support arrearages," and ordering that a judgment would be entered in favor of Robert and Malia, as against Mother, in the amount of $7,500 each. The Family Court's Order After Hearing, filed on August 11, 2010, entered judgment, in relevant part, as follows:

a. Judgement shall enter in favor of [Father] against [Mother] in the amount of $8,905.11.

b. Judgment shall enter in favor of [Malia] against [Mother] in the amount of $7,500.00.

c. Judgment shall enter in favor of [Robert] against [Mother] in the amount of $7,500.00.

On July 20, 2010, Mother filed a "Motion to Designate Malia Quitevis and Robert Quitevis as Third Party Defendants," (Motion to Designate), requesting that the Family Court designate the parties' adult children as third party defendants pursuant to

Hawai'i Family Court Rules (HFCR) Rule 14.[4/]  A hearing was held on August 30, 2010.  At the hearing, Robert and Malia confirmed that they were aware of the judgment issued in their favor and Mother's intent to seek an appeal of the Family Court's authority to issue that order.  Both Robert and Malia further indicated that they had no position with regard to Mother's Motion to Designate.  Accordingly, the Family Court held that although it "seems clear enough . . . that both . . . Robert and . . . Malia Quitevis, certainly would be considered . . . third-party beneficiaries of the agreement that their parents reached in . . . . their divorce . . . settlement," the Family Court did not consider them "necessary parties."  The Family Court recognized that it was the intent of the parties that a portion of the funds to be placed in trust was for the benefit of the children, both of which, "by the time this matter has come directly to the court's attention," have reached the age of majority, and accordingly, as "the best way of ensuring that that benefit . . . was realized," the Family Court issued judgments in their favor. The Family Court further noted that Father "has an interest which is . . . congruent with theirs with regard to . . . the legal argument that will be raised on appeal," and while neither of the

---

[4/]   HFCR Rule 14(a) provides:

> (a) When parties may bring in third-party.  A party to the action may cause a third-party to be brought in only in the event that property rights of such third-party may be affected or such third-party has or may have an interest in the custody or visitation of a minor child of a party to the action.  The party seeking to bring in a third-party defendant shall file a motion for leave to file a third-party complaint together with an affidavit and notice in accordance with Rule 7(b)(1).  The person served with the summons and third-party complaint, hereinafter called the third-party defendant, shall make any defenses to the third-party complaint as provided in Rule 12.  The third-party defendant may also assert any claim against the plaintiff or defendant arising out of the transaction or occurrence that is the subject matter of the complaint.

adult children appeared in court as a movant in his or her own right, both adult children would be free to seek involvement in the appeal upon an appropriate motion in the appellate court. On October 29, 2010, the Family Court issued its Order After Hearing denying Mother's Motion to Designate.

On December 17, 2010, the Family Court filed its Final Judgment. On January 13, 2011, Mother timely filed a notice of appeal.

II. POINTS OF ERROR ON APPEAL

Mother raises four points of error on appeal, arguing that the Circuit Court erred in: (1) denying Mother's Motion to Dismiss; (2) entering orders against Mother in favor of Robert and Malia, "who were not noticed, made no appearance, and were not seeking judgments"; (3) denying Mother's Motion to Designate Robert and Malia as Third Party Defendants; and (4) entering Final Judgment, filed December 17, 2010, based upon the June 2, 2010, August 11, 2010, and October 29, 2010 orders.

III. STANDARDS OF REVIEW

> In construing the terms of a divorce decree, the determinative factor is the intent of the court as gathered from the decree and other evidence. A judgment or decree like any other written instrument is to be construed reasonably and as a whole, and effect must be given not only to that which is expressed, but also to that which is unavoidably and necessarily implied in the judgment or decree.

Anderson v. Anderson, 59 Haw. 575, 584-85, 585 P.2d 938, 944 (1978) (citations omitted).

> Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion. Thus, [an appellate court] will not disturb the family court's decisions on appeal unless the family court disregarded rules or principles of law or practice to the substantial detriment of a party litigant and its decision clearly exceeded the bounds of reason.

Fisher v. Fisher, 111 Hawaiʻi 41, 46, 137 P.3d 355, 360 (2006) (quoting In re Doe, 95 Hawaiʻi 183, 189-90, 20 P.3d 616, 622-23 (2001)). "Furthermore, the burden of establishing abuse of

5

discretion is on appellant, and a strong showing is required to establish it." Ek v. Boggs, 102 Hawai'i 289, 294-95, 75 P.3d 1180, 1185-86 (2003) (citation, internal quotation marks, and brackets omitted).

> A trial court's ruling on a motion to dismiss is reviewed *de novo*. The court must accept plaintiff's allegations as true and view them in the light most favorable to the plaintiff; dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim that would entitle him or her to relief. However, . . . a motion seeking dismissal of a complaint is transformed into a Hawai'i Rules of Civil Procedure (HRCP) Rule 56 motion for summary judgment when the circuit court considers matters outside the pleadings.

Wong v. Cayetano, 111 Hawai'i 462, 476, 143 P.3d 1, 15 (2006) (citations and internal quotation marks omitted).

IV.  DISCUSSION

    A.  Motion to Dismiss

        Mother contends that Father's claim to the $30,000 provided for under the terms of the Divorce Decree is barred by the statute of limitations under HRS § 657-5 (Supp. 2012), which provides, in relevant part:

> Unless an extension is granted, every judgment and decree of any court of the State shall be presumed to be paid and discharged at the expiration of ten years after the judgment or decree was rendered. No action shall be commenced after the expiration of ten years from the date a judgment or decree was rendered or extended. No extension of a judgment or decree shall be granted unless the extension is sought within ten years of the date the original judgment or decree was rendered.

        Mother maintains that under the terms of the Divorce Decree, filed October 29, 1993, her obligation to pay $30,000 to Father was contingent upon the death of her mother, Lucille Braun, and that contingency occurred on February 3, 1996.  Mother argues, "an extension of the Decree must have been sought within ten years of the date of the original decree," and therefore, upon the death of Lucille Braun, Father "had the duty to seek an extension of the Divorce Decree to preserve his claim beyond ten years from the date of the original Decree."

HRS § 657-5 is a statute of limitations "that applies to actions seeking enforcement of domestic judgments and decrees." Brooks v. Minn, 73 Haw. 566, 575, 836 P.2d 1081, 1086 (1992). The central issue in this case is when the statute of limitations period began.

Father contends that, pursuant to Segelken v. Hawaiian Trust Co., 20 Haw. 225 (1910), the limitation period is tolled until any and all conditions precedent to the enforcement of the judgment have occurred. Father claims that his right to maintain any suit to enforce this provision of the Divorce Decree did not arise at the time the decree was entered, but only upon the occurrence of a condition precedent, i.e., the death of Lucille Braun plus ten years.

In Segelken, the Supreme Court of the Territory of Hawai'i reviewed whether the complainant's claim against the respondent's trust was barred by the statute of limitations. 20 Haw. at 226. Respondent was the owner of a one-eighth interest in a parcel of land, subject to the dower right of Mrs. Anne Long in the entire land. Id. Respondent mortgaged her interest to complainant. Id. Thereafter, a partition suit was brought by other parties interested in the land, and an order was entered directing that the land be sold and the proceeds divided among the parties according to their respective interests. Id. As a result, a decree was entered on August 16, 1882, directing, inter alia, that one third of the proceeds of the sale be invested by a trustee and the income paid to Mrs. Anne Long as dower during her life, and upon her death, the proceeds would be distributed amongst the parties to the partition suit. Id. at 226-27. Respondent's share of the trust proceeds would be charged, in the amount of $1,141.83 plus interest, and paid to complainant as the balance due to him on the mortgage. Id. at 227. Mrs. Anne Long died June 17, 1908, and at that time, the sum of $1,141.83 from respondent's share was due to complainant. Id. Complainant

sought an accounting and "general relief"; however, respondent argued that complainant's claim was barred by the applicable statute of limitations, which required that a claim be brought within ten years from the entry of the decree.[5] Id. The respondent also argued that pursuant to section 1975 of the Revised Laws of Hawai'i, the decree must be presumed to have been satisfied, as more than twenty years have elapsed since it was entered. Id. The Segelken court found that pursuant to the decree, "which alone declares and fixes the rights and obligations of the respective parties," the claim against the trustee "was not enforceable during the life of Mrs. Long, but only after her death." Id. at 227-28. Further, the court observed,

> The duties of the trustee and the rights of the complainant, as between themselves, were, as we observe, fixed and determined by the decree. The payment of the claim out of the trust fund was made to depend upon the right of the complainant to make demand therefor and upon the duty of the trustee to comply with such demand. **This right on the part of the complainant as well as the duty on the part of the trustee were brought into existence only by the happening of the event expressly provided for by the decree, namely, the death of Mrs. Long**.
>
> . . . **The complainant is not proceeding upon the decree in the sense of seeking to have it satisfied. He is proceeding against the trustee seeking to have him required by order of court to perform his duties in the premises as prescribed by the decree**. However, be that as it may, complainant's claim, so far as the trustee is concerned, was not enforceable at the time the decree was entered, nor at any time thereafter prior to the death of Mrs. Long. **His right to demand payment and the corresponding duty of the trustee to comply therewith did not accrue until the death of Mrs. Long on June 17, 1908, the happening of which event, as provided for in the decree itself, was a condition precedent to his right to maintain any suit on the claim**. Neither had the trustee any right or authority to pay the complainant's claim before it accrued, i.e., before the death of Mrs. Long.

---

[5]     See note 6, infra. Notwithstanding the Segelken Court's application of a statute which differed from the statute currently in force, the legal underpinnings remain the same - when payment of a claim is made dependent upon the performance of any condition precedent, a cause of action does not accrue, or the statutory limitation period being to run, until the performance of such condition. Segelken remains good law.

Id. at 228 (emphasis added). In concluding that the complainant's claim against the trustee was not barred by lapse of time, the court further noted that

> when the payment of a claim or the liability of a party is made dependent upon the performance of any condition precedent or the happening of any contingency, **a right of action does not accrue, or the statute begin to run, until the performance of such condition or the happening of such contingency**.

Id. at 229 (citation and internal quotation marks omitted; emphasis added).

In the instant case, as in Segelken, Father was not seeking to have the divorce judgment satisfied, but to compel Mother to perform her duties as prescribed by the Divorce Decree. Mother's duty to pay Father the sum of $30,000 did not arise until "10 years after the death of Lucille Braun." Because the death of Lucille Braun occurred on February 3, 1996, Father's right of action to enforce payment arose on February 3, 2006. Father filed his Motion for Post-Decree Relief requesting an order compelling Mother to comply with the terms of the Divorce Decree on February 8, 2010. Accordingly, Father was within the period prescribed by HRS § 657-5.

Mother contends that Segelken does not apply because it interpreted and applied a statute that does not "read as it does today." Mother reasons that the current statute imposes an affirmative duty on Father to extend the life of the Divorce Decree within the initial ten-year limitation period in order to extend the life of the decree and thereby avoid the statutory presumption that the decree has been paid, discharged, and extinguished. Because Father failed to "monitor both the contingent event and the time by which a motion to extend the judgment for an additional ten years must be filed," Mother contends her obligation should be "deemed satisfied, discharged, and extinguished as a matter of law." In support of her contention, Mother relies on Estate of Roxas, which she alleges,

provides that the statutory restriction on the life of judgments or decrees, under HRS § 657-5, "is absolute."[6/]

The Hawai'i Supreme Court in <u>Estate of Roxas v. Marcos</u>, 121 Hawai'i 59, 214 P.3d 598 (2009), noted that the term "judgment," as used throughout HRS § 657-5, "must refer to a *valid* and *enforceable* judgment." <u>Id.</u> at 67, 214 P.3d at 606. Using extrinsic aids to assist in the interpretation of "original judgment" as it is used in HRS § 657-5, the <u>Roxas</u> Court noted:

> Other statutes of limitations in HRS Chapter 657 begin when the "cause of action accrued." <u>See</u> HRS § 657-1(1) (1993) (relating to, among other things, actions to recover debt "founded upon any contract, obligation, or liability"); HRS § 657-4 (1993) (relating to libel or slander); HRS § 657-6 (1993) (relating to causes arising in foreign jurisdictions); HRS § 657-7 (1993) (relating to recovering for damage to persons or property); <u>see also</u> Kaho'ohanohano v. Dep't of Human Servs., 117 Hawai'i 262, 315, 178 P.3d 538, 591 (2008) ("In a negligence action, the claim for relief does not accrue until plaintiff knew or should have known of defendant's negligence."). Black's Law Dictionary 22 (8th ed.2004) defines "accrue" as "[t]o come into existence as an enforceable claim or right." <u>**In construing "original judgment" of HRS § 657-5, in pari materia within the framework of the entire statutory scheme governing limitations of actions, the statute of limitations for extending a judgment begins to run when the cause of action — the judgment that creates the enforceable claim or right — "come[s] into existence as an enforceable claim or right."**</u>

---

[6/]     Mother contends that in 1992, the Hawai'i State Legislature amended HRS § 657-5 by inserting the extension provisions at issue, prohibiting an extension of a judgment or decree where (1) extension was not sought within ten years of the date the original judgment was rendered, (2) it is beyond twenty years from the date of the original judgment or decree, and (3) there was no notice and the filing of a motion to extend the life of the judgment or decree. Mother contends that the 1992 Amendment "can be reasonably construed to be in the interest of promoting finality of judgments or decrees, certainty of parties' rights and expectations, and to establish a clear public record of the term of the continuing jurisdiction of the court to enforce the original judgment or decree." Such a reading of the statute would produce an absurd result in this case. The Divorce Decree, filed on October 29, 1993, provides that payment is not due until "10 years after the death of Lucille Braun." If this Court were to accept Mother's argument, the limitations period provided under HRS § 657-5 would expire on October 29, 2003. Because the sum is not payable until "10 years after the death of Lucille Braun," Father would be unable to compel payment until February 3, 2006; however, his right to compel payment would have expired on October 29, 2003. Therefore, under Mother's construction, that provision of the Divorce Decree would be rendered a nullity. Because "the legislature is presumed not to intend an absurd result, and legislation will be construed to avoid, if possible, inconsistency, contradiction, and illogicality," <u>Flores v. Rawlings Co., LLC</u>, 117 Hawai'i 153, 164, 177 P.3d 341, 352 (2008) (citation omitted), we reject Mother's construction. Instead, the limitations period does not begin to run until a party's claim or right becomes enforceable.

> All judgments, even those that are modified or amended, become "enforceable claim[s] or right[s]" only when the judgments creating those rights are entered. It is only at the time that the judgment is rendered when the parties are (1) aware of their rights and responsibilities created by the judgment and (2) able to enforce these rights. Accordingly, the statute of limitations for extending a judgment begins to run at the creation of the judgment that creates the rights and responsibilities that the party is seeking to extend.

Id. at 69, 214 P.3d at 608. Accordingly, the Roxas Court held that "original judgment" of HRS § 657-5 "pertains to the judgment that creates the rights and responsibilities that the moving party is seeking to enforce and extend." Id. at 71, 214 P.3d at 610. Although the Roxas Court was addressing an issue different from that presented in the instant case, i.e., which of a series of orders creating the same rights that a party is seeking to extend is the "original judgment" under HRS § 657-5, the legal underpinnings remain the same: "the statute of limitations for extending a judgment begins to run when the cause of action - the judgment that creates the enforceable claim or right - 'comes into existence as an enforceable claim or right.'" Roxas, 121 Hawai'i at 69, 214 P.3d at 608 (brackets omitted); see also Mun Seek Pai v. First Hawaiian Bank, 57 Haw. 429, 435, 558 P.2d 479, 483 (1977) ("[The Hawai'i Supreme Court] has further held that if a promise to pay is conditional, the cause of action on the promise does not accrue until the condition is performed.").

In the instant case, the Divorce Decree provided that Mother is to pay Father the sum of $30,000 10 years after the death of Lucille Braun. Accordingly, Father's claim to the $30,000 did not accrue until February 3, 2006. Father's motion was timely filed. Therefore, the Family Court did not err in denying Mother's Motion to Dismiss.

B. Judgments in Favor of Robert and Malia

Mother argues that Father's motion for post-decree relief inappropriately sought judgment against Mother in the amount of $30,000, because Robert and Malia, who had, at the time

11

Father filed his motion, reached the age of majority, "did not at any time ask for judgments to be entered in their favor".

Mother fails to cite any legal authority for her contention that the Family Court clearly erred in "sua sponte" entering judgments in favor of Robert and Malia under the circumstances of this case. HRS § 571-8.5(6) (2006) specifically grants the family courts the power to, *inter alia*, "[e]nforce decrees and judgments[.]" Indeed, HRS § 571-8.5 is merely a legislative restatement of the court's inherent powers, In re Doe, 96 Hawaiʻi 73, 80, 26 P.3d 562, 569 (2001) (citation omitted), which include the power to enforce its own decrees. See Bonner v. Bonner, 6 Haw. App. 610, 613, 735 P.2d 508, 510 (1987) (citations omitted).

In the present case, the Divorce Decree provided that Mother agreed to pay father $30,000, payable "10 years after the death of Lucille Braun", with half of that sum, or $15,000, to be held "in a Trust account for Malia and Robert Quitevis." At the June 29, 2010 hearing, Father stipulated that "the monies can be distributed directly to the children . . . as long as we have confirmation this is being done." As the Family Court noted, a judgment in favor of Robert and Malia would ensure that their interests were protected. It appears that the Family Court exercised its discretion in shaping the judgment in a manner calculated to eliminate an unnecessary step, by directing the judgment debt to the now-adult children who were indisputably the intended beneficiaries of the original Divorce Decree term. Mother fails to identify prejudice to her and/or any authority supporting her assertion that this was an improper exercise of the court's discretion and we find none. The Family Court did not err in granting Father's requested post-decree relief to enforce the terms of the October 29, 1993 Divorce Decree.

12

C.    Motion to Designate Third Party Defendants

Mother argues on appeal that the Family Court erred as a matter of law in denying her Motion to Designate Robert and Malia as third party defendants because "they have a pecuniary interest in [Mother's] appeal and are necessary parties to the action to be afforded an opportunity to respond to [Mother's] appeal."

Hawai'i Rules of Civil Procedure (**HRCP**) Rule 19, which governs bringing a non-party into a legal action, provides that a person shall be joined as a party in the action if

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (A) as a practical matter impair or impede the person's ability to protect that interest or (B) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party.

HRCP Rule 19 is divided into two sections, and as the Hawai'i Supreme Court explained in UFJ Bank Ltd. v. Ieda, the analysis typically follows two steps.  109 Hawai'i 137, 142, 123 P.3d 1232, 1237 (2005) (citing Kescoli v. Babbitt, 101 F.3d 1304, 1309 (9th Cir. 1996) (applying HRCP Rule 19's federal counterpart, Federal Rules of Civil Procedure Rule 19[2/])).  First, "the court must determine whether an absent party should be joined if feasible according to the factors listed in subsection (a)."  Marvin v. Pflueger, 127 Hawai'i 490, 499, 280 P.3d 88, 97 (2012).  Second, "if the party meets the requirements under subsection (a) but it is not feasible to join the party to the lawsuit, the court must proceed to Rule 19(b) to determine whether it may decide the case without the nonparty."  Id. (citations omitted).  If the court

---

[2/]    Because HRCP Rule 19 is, in all relevant aspects, substantively identical to the federal rules, we may look to federal cases interpreting their rules for persuasive guidance.  See Pulawa v. GTE Hawaiian Tel, 112 Hawai'i 3, 20 n.15, 143 P.3d 1205, 1222 n.15 (2006) (citations omitted).

must dismiss the lawsuit rather than moving forward without the absent party, "the nonparty is labeled 'indispensable.'" Id. (citation omitted).

Here, the Family Court found that because Robert and Malia were no longer minors, and in recognition of the fact that it was the intent of the parties that their children were to benefit, the best way of ensuring that benefit was realized would be to issue judgments in their children's favor. In doing so, the Family Court found that while Robert and Malia may have an interest which would warrant their being named as parties, "I don't consider them necessary parties." It appears that Robert and Malia were not considered necessary parties because. *inter alia*: (1) the parties' children were no longer minors; (2) Father had an interest which was "congruent with theirs" with regard to the legal argument that would be raised on appeal; (3) both Robert and Malia had indicated that they were aware of the situation and had no position on Mother's Motion to Designate; and (4) notwithstanding their actual knowledge of the matter, neither Robert and Malia had "come to the court as a movant in his or her own right".

Although the Family Court did not cite HRCP Rule 19(a), we conclude that the Family Court correctly determined, in effect, that Malia and Robert were not indispensable parties to be joined pursuant to HRCP Rule 19(a). First, it appears that "complete relief" could be accorded to Mother and Father without their adult children being joined as a party. The Family Court fully adjudicated the issues raised by Father's motion for post-decree relief, *i.e.*, an order compelling Mother to comply with the Divorce Decree terms, and Mother's Cross-Motion for unpaid child support. The non-participation of Robert and Malia in those proceedings did not prevent the Family Court from affording the parties complete relief. Second, although Robert and Malia arguably "claim an interest relating to the subject of the

action," it cannot be said that a disposition of the action in their absence may either impair or impede their ability to protect that interest. Both Robert and Malia were awarded a judgment in their favor, which they may enforce upon their own accord. Moreover, both adult children indicated at the August 30, 2010 hearing that they (1) were aware of the judgment in their favor, (2) were aware of Mother's intent to appeal the Family Court's jurisdiction to issue an award in their favor, and (3) had no position on being designated as a party in the action. Third, it does not appear that the Family Court's refusal to join Robert and Malia poses any risk to Mother of incurring double, multiple, or inconsistent obligations by reason of their claimed interest, nor does Mother allege this to be the case. Accordingly, Mother fails to satisfy the requirements of HRCP Rule 19, and therefore, she is unable to demonstrate that Robert and Malia are indispensable parties to the post-decree proceeding.

D.    Final Judgment

Lastly, Mother argues on appeal that the "entry of the Final Judgment on December 17, 2010 in reliance [upon the Family Court's earlier orders] was also error as a matter of law." Based on the analysis above, the Family Court did not err in entering its December 17, 2010 Final Judgment based upon its earlier orders.

V.    CONCLUSION

For these reasons, the Family Court's December 17, 2010 Final Judgment is affirmed.

DATED:   Honolulu, Hawai'i, September 27, 2013.

On the briefs:

Michael S. Zola
for Plaintiff-Appellant.

Gerald W. Scatena
for Defendant-Appellee.

Presiding Judge

Associate Judge

Associate Judge